IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIS DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 cv 789 DRH |
| ) | |
| MARVIN POWER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion for Enlargement of Time filed by the defendants, Terry Caliper and Roger Walker, on November 4, 2004, the Motion for HIPAA Qualified Protective Order filed by the defendants, Marvin Powers, Twyla Walton, and Marilyn Melton, on November 15, 2004, the Motion for Hearing filed by the plaintiff, Demetris Daniel, on November 15, 2004, the Motion for Extension of Time filed by Daniel on November 29, 2004, the Motion for Physical or Mental Examination filed by Daniel on November 29, 2004, the Motion for an Emergency Hearing filed by Daniel on December 20, 2004, the Motion for Appointment of Counsel filed by Daniel on December 28, 2004, the Motion to Clarify filed by Daniel on January 11, 2005, the Motion for Appointment of Counsel filed by Daniel on January 11, 2005, and the Motion to Stay filed by Daniel on January 11, 2005.

The Motion for Enlargement of Time is **GRANTED** (Doc. 7), the Motion for Protective Order is **DENIED WITHOUT PREJUDICE** (Doc. 11), the Motion for Hearing is **DENIED** (Doc. 12), the Motion for Extension of Time is **GRANTED** (Doc. 19), the Motion for Examination is **DENIED** (Doc. 20), the Motion for an Emergency Hearing is **DENIED** (Doc. 22), the Motion for Appointment of Counsel is **DENIED AS MOOT** (Doc. 23), the Motion to Clarify is **DENIED** (Doc. 29), the Motion for Appointment of Counsel is **DENIED** (Doc. 30),

and the Motion to Stay is **DENIED AS MOOT** (Doc. 31).

## Background

In Daniel's 139 paragraph complaint, he alleges that various defendants failed to provide him adequate medical care while he was housed at the Tamms Correctional Center. In each of his five causes of action, Daniel contends that he was either denied adequate medical care or that medical staff affirmatively caused him harm by injecting him with "disease." From February 20, 2002 to July 9, 2004, Daniel states that he was denied adequate care for various medical problems including ear infections, sinusitis, abdominal pain, callouses, liver damage, and various other pains. He also alleges that various defendants were involved in intentionally injected him with certain diseases including Hepatitis C

On November 15, 2004, Marlyn Melton, Marvin Power, and Twyla Walton filed an Answer to the Complaint along with a motion to dismiss (Doc. 9). On November 19, 2004, Teri Caliper and Roger Walker filed a motion to dismiss (Doc. 13). A summons was returned un-executed as to other defendants, Delight Griswold, Lana Watkins, Jane Simmons, and Charles Hinsley, on October 29, 2004 (Doc. 3). The remaining defendant, Wexford Medicine in Corrections, was served by its registered agent, Maria Zilinski, on September 30, 2004. No responsive pleading has been filed by this defendant.

## Discussion

### Motion for Enlargement of Time (Doc. 7)

The defendants, Caliper and Walker, sought an extension to time to November 19, 2004 to file a responsive pleading. This motion is GRANTED. These defendants filed their responsive pleading on November 19, 2004.

### Motion for Protective Order (Doc. 11)

Local Rule 7.1(a) provides that "[a]ll motions shall be accompanied by a proposed order on a separate sheet of paper with the full style of the case." No form order was erroneously attached to the motion or received by chambers. Therefore, this motion is DENIED WITHOUT PREJUDICE. The defendants may re-file this motion provided that they comply with the Local Rules and the rules governing CM/ECF procedures.

### Motions for Hearing (Doc. 12 and 22)

Daniel seeks a hearing on motions that he had filed in state Court (this matter was removed from Alexander Country State Court on October 29, 2004) and on motions filed with this Court. Local Rule 7.1(h) provides that this Court may make a determination on a matter based on the pleadings without the necessity of oral arguments. It appears that Daniel has filed the motions that he lists in his first motion for a hearing and the Court will rule upon them without the necessity of a hearing at this time. Therefore, these motions are DENIED.

### Motion for Extension of Time (Doc. 19)

Daniel sought until January 15, 2005 to respond to the motions to dismiss filed on November 15, 2005 (Doc. 9) and November 19, 2005 (Doc. 13). Daniel has since filed responses to these two motions on January 11, 2005. Therefore, this motion is GRANTED.

### Motion for Physical and Mental Examination (Doc. 20)

Daniel seeks to have himself examined pursuant to Federal Rule of Civil Procedure 35 and for the Court to pay for the cost of the examination. Rule 35 provides that when a parties' physical condition or mental condition is in dispute, an exam may be ordered "only on motion for good cause shown . . . ." In his motion, Daniel seeks a medical examination of himself in

3

order to evaluate his medical ailments.  While, Daniel characterizes this as a Rule 35 motion, he is in fact seeking (expert) medical evidence regarding his medical condition and he is further seeking payment for this evidence by the Court.  Daniel has provided no rule of law or authority binding on this Court that would allow for the Court or the defendants to pay for Daniel to acquire evidence.  While the Court is sympathetic to Daniel's plight, it simply cannot grant the relief requested.  It is up to Daniel to pay for and prosecute his case, not the Court and certainly not the defendants. Therefore, this motion is DENIED.

Motions for Appointment of Counsel (Docs. 22 and 30)

Daniel seeks counsel pursuant to 28 U.S.C. 1915(e)(1).  Daniel was granted leave to proceed *in forma pauperis* in State Court pursuant to a motion filed by the Daniel on September 10, 2004.  The Order of the State Court is "not conclusive but remain[s] binding until [it] is set aside."  Payne for Hicks v. Churchich, 161 F.3d 1030, 1037-1038 (7th Cir. 1998); 28 U.S.C. §1450. As the order granting IFP status to Daniel has not been set aside, his requests for an attorney are subject to the requirements of 29 U.S.C. §1915(e)(1).  Initially, though, the Court notes that the State Court had already considered and denied Daniel's motion for appointment of counsel.  Daniel has not suggested any error in this decision; and, it is just as binding on this Court as the Order allowing him to proceed IFP.

Nonetheless, there is no constitutional or statutory right to counsel for a civil litigant. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001);  Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Seventh Circuit Court of Appeals recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the District Court

"unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a District Court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake, 650 F.2d 885,887-889 (7th Cir. 1981).

Daniel asserts that he has attempted to secure counsel and has attached numerous letters from attorneys declining to represent Daniel. Therefore, Daniel has met this threshold burden. However, while Daniel's claims appear to be colorable, it also appears that Daniel will be able to investigate the facts crucial to his claim. He is asserting various claims regarding the medical care that he received at Tamms. The relevant evidence will be his medical record, his own testimony regarding the care he received, and information from the defendants regarding their

treatment. While Daniel may be required to use the discovery process to seek information, the process itself is not so burdensome that a prisoner would be incapable of following it. Also, there is no likelihood that the truth of the matter will only be exposed with counsel: Daniel's claims rest on his credibility, the credibility of the defendants, and the medical record. It is also clear that Daniel is able to prosecute his case. He has filed numerous motions, is capable of seeking additional time, is capable of responding to the defendant's motions, and is capable of articulating his claims. Daniel's claims are also not complicated nor will they require extended discovery. For these reasons, Daniel's first motion for appoint for counsel is DENIED AS MOOT and his second motion for appointment of counsel is DENIED.

Motion for Clarification (Doc. 29)

In this motion, Daniel asserts that the Clerk of Alexander County failed to docket various documents that he had submitted for consideration. He states that: he submitted his complaint in July, 2004 but that it was not filed until September 10, 2004; that he wasn't given the opportunity to object to the removal of this action; that a Motion for Protective Order, a Motion for Reissue of Summons, a Motion for Physical Exam, a Motion for Extension, and a Motion for Hearing were not returned to him with a stamped date indicating that they were filed; and, that the State Court Clerk failed to submit these motions to the State Judge assigned to the case. Daniel seeks an order from this Court directing the State Court Clerk to produce all of the documents he filed in State Court. This motion is DENIED.

Daniel is not entitled to the relief that he requests. Neither the State Court clerk nor the Clerk of this Court is required to reproduce the record for Daniel at this stage of the proceedings. Moreover, Daniel has shown no prejudice by the actions of the State Clerk, even if Daniel's

allegations are believed, that would necessitate the relief that he requests.  If Daniel believes that he has filed motions with the State Court that have not been filed with this Court he may re-file those motions.  Daniel, however, is directed to NOT re-file any such motion that have already been considered by this Court. To aid Daniel in knowing what documents have been filed, the Clerk is DIRECTED to mail a copy of the docket sheet in this case to Daniel.

Motion to Stay (Doc. 31)

Daniel seeks a stay in this case until this Court has ruled upon the various motions that he has filed.  As this Court has now ruled on his various motions, the motion to stay is DENIED AS MOOT.

Conclusion

For the foregoing reasons the Motion for Enlargement of Time filed by the defendants, Terry Caliper and Roger Walker, on November 4, 2004 is **GRANTED** (Doc. 7), the Motion for HIPAA Qualified Protective Order filed by the defendants, Marvin Powers, Twyla Walton, and Marilyn Melton, on November 15, 2004 is **DENIED WITHOUT PREJUDICE** (Doc. 11), the Motion for Hearing filed by the plaintiff, Demetris Daniel, on November 15, 2004 is **DENIED** (Doc. 12), the Motion for Extension of Time filed by Daniel on November 29, 2004 is **GRANTED** (Doc. 19), the Motion for Physical or Mental Examination filed by Daniel on November 29, 2004 is **DENIED** (Doc. 20), the Motion for an Emergency Hearing filed by the Daniel on December 20, 2004 is **DENIED** (Doc. 22), the Motion for Appointment of Counsel filed by Daniel on December 28, 2004 is **DENIED AS MOOT** (Doc. 23), the Motion to Clarify filed by Daniel on January 11, 2005 is **DENIED** (Doc. 29), the Motion for Appointment of Counsel filed by Daniel on January 11, 2005 is **DENIED** (Doc. 30), and the Motion to Stay filed

by Daniel on January 11, 2005 is **DENIED AS MOOT** (Doc. 31).  **The Clerk is DIRECTED to mail a copy of the docket sheet to Daniel along with a copy of this Order**.

**DATED: April 22, 2005.**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**