IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIS DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 cv 789 DRH |
| ) | |
| MARVIN POWER, TERI CALIPER, ) | |
| DELIGHT GRISWOLD, TWYLA WALTON, ) | |
| LANA WATKINS, JANE SIMMONS, ) | |
| MARILYN MELTON, CHARLES HINSLEY, ) | |
| ROGER E. WALKER, JR., AND WEXFORD ) | |
| MEDICINE IN CORRECTIONS. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Amend filed by the plaintiff, Demetris Daniel,[1] on December 28, 2005 (Doc. 24) and the Motion for Leave to File filed by Daniel on March 21, 2005 (Doc. 38). The Motion to Amend is **GRANTED** and the Motion for Leave is **DENIED WITHOUT PREJUDICE.**

Background

The plaintiff, Demetris Daniel, is an inmate at the Tamms Correctional Center and filed a Complaint in Alexander County State Court on September 10, 2004. On October 29, 2004 the plaintiff's Complaint was removed from State Court and filed with this Court. In this lengthy Complaint, the plaintiff makes a number of allegations against the various defendants regarding numerous instances of inadequate medical care. He identifies the named defendants as employees at Tamms in the following capacities: Marvin Powers is the Medical Director; Teri

---

[1] The docket in this case lists the plaintiff as "Demetri**u**s Daniel**s**." From the plaintiff's pleadings, however, it is clear that the plaintiff's name is "Demetris Daniel." Therefore, the Clerk is DIRECTED to change the docket sheet to reflect the correct naming of the plaintiff.

Caliper is a Health Care Administrator; Delight Griswold is a Nurse Practitioner; Twyla Walton is a Licensed Nurse Practitioner; Lana Watkins also is a Licensed Nurse Practitioner; Jane Simmons is a Registered Nurse; Marilyn Melton also is a Registered Nurse; Charles Hinsley is the Warden; Roger Walker, Jr. is the Director of the Illinois Department of Corrections; and, finally, the Wexford Medicine in Corrections is the entity that actually employs the individual defendants except Warden Hinsley and Director Walker.

The plaintiff claims range in date from September 5, 2001 to July 9, 2004. He states that he suffers from numerous ailments including ear infections, sinusitis, abdominal pain, callouses, liver damage, and various other pains. He also alleges that various defendants were involved in a plot to intentionally inject him with "diseases" including Hepatitis C. He specifically states that:

> 1. Dr. Power refused to provide medical care on 10/22/01, 2/22/02, 4/4/02, 5/20/02, 7/1/02, 9/26/02, 2/21/03, 4/30/03, 5/7/03, 5/28/03, 9/2/03, 2/26/04, 4/14/04, and 4/16/04.
>
> 2. Administrator Caliper refused to compel medical staff to care for the plaintiff on 9/15/01 and 6/7/02. The plaintiff also alleges that Administrator Caliper either lied during grievance proceedings and/or intentionally refused to provide medical care, and retaliated against the plaintiff for seeking medical care.
>
> 3. Nurse Griswold failed to provide medical care on 9/12/01, 11/5/01, and 12/10/01.
>
> 4. Nurse Walton intentionally injected the plaintiff with Hepatitis C and other diseases on 1/2/02 after being paid by Nurse Griswold, Dr. Power, and Administrator Caliper in an effort to hide their poisoning of the plaintiff. Nurse Walton also failed to provide medical care on 2/20/02, 12/11/02, 2/23/03, 3/9/03, 5/3/03, 5/13/03, 5/14/03, and 6/28/03.
>
> 5. Nurse Watkins failed to provide medical care on 7/5/03.

>     6. Nurse Simmons failed to provide medical care on 7/5/03.
>
>     7. Nurse Melton failed to provide medical care on 9/5/01, 12/7/01, and 7/9/04.

The plaintiff also appears to be alleging that each of these defendants retaliated against him for filing grievances or requests for medical attention. In addition to his federal claims, he alleges that these defendants committed medical malpractice in violation of state law. The Complaint does not contain any specific allegation against Warden Hinsley and Director Walker other than that they signed off on various grievances. In addition, there is no specific claim against Wexford other than that it employs the medical personnel.

In his First Amended Complaint, the plaintiff seeks to change the caption to replace Lana Watkins with "Lana Watkins-Walton" and "Wexford Medicine in Corrections" with "Wexford Health Sources." He also has added or changed a number of paragraphs and added claims. In addition to the claims listed above, the plaintiff alleges that:

>     1. Administrator Caliper, Warden Hinsley, and Leslie Markel (not a named defendant here) conspired to deprive him of medical care and "cover up" the actions of the other defendants around 2/22/03. See e.g. Amended Complaint at ¶¶ 66-67, 71, 75.
>
>     2. Warden Hinsley and Director Snyder (not a named defendant here) failed to investigate his complaints and conspired with other defendants to deprive him of his rights. See e.g. Amended Complaint at ¶¶77, 78, 80, 84, 93, 108, 113.

There is no claim against Wexford other than it is the employee of the individual medical employees.

Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."  However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility."  Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004).  The granting or denying of a motion to amend is reviewed for an abuse of discretion.  Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004).

The plaintiff's claims can be grouped into five causes of action.  He asserts that on various dates, defendants Power, Caliper, Griswold, Walton, Watkins-Walton, Simmons, and Melton failed to provide adequate medical care in violation of the Eighth Amendment prohibition against deliberate indifference to a serious medical need.  He then goes on to allege that these defendants retaliated against him for filing grievances – a violation of the First Amendment right to seek legal redress without fear of reprisal.  He then asserts that the defendants conspired to deprive him of his rights in violation of 42 U.S.C. §1983.  The next group of claims can best be described as a state law claim of battery – that Nurse Walton intentionally injected harmful substances in furtherance of a conspiracy to hide negligent medical care.  See Welton v. Ambrose, 814 N.E.2d 970, 979 (Ill. App. Ct. 2004) ("A battery generally is defined as an unauthorized touching of another's person.").  Finally, Daniel asserts that the various medical staff committed malpractice under Illinois state law.

The Amended Complaint does not add any new Eighth Amendment claims.  His First Amendment retaliation claims also do not appear to be changed.  Nor does the plaintiff add any additional parties – rather he appears to merely be expanding upon his claims by indicating

whether he filed grievances, asserting actual claims against Warden Hinsley and Director Walker, and adding paragraphs that state that the various defendants acted intentionally and negligently. Defendants Powers, Walton, and Melton have filed a brief response to the motion to amend that cites to no Federal Rule or case law. They argue that the plaintiff's claims are barred by a statute of limitations (although they fail to specifically cite to any statute of limitations), that he has insufficiently pled a First Amendment Retaliation claim, and that the Amended Complaint is "unnecessary and burdensome."

     Most of the defendants' arguments are wholly without merit. First, the defendants' argument regarding the statute of limitations is without substance and contains absolutely no citation to any statute or case authority. It is not the Court's job to flesh out arguments that the defendants fail to make. Therefore, this argument, in its current posture, will not be considered by this Court. In order to assert his First Amendment retaliation claim, under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a), the plaintiff need only "allege enough to put the defendants on notice and enable them to file an answer." Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005); See also Thomson v. Washington, 362 F.3d 969, 970-971 (7th Cir. 2004); Walker v. Thompson, 288 F.3d 1005, 1008-1009 (7th Cir. 2002). Daniel specifically alleges that the various defendants retaliated against him on specific days for filing grievances by failing to provide medical care. In paragraph 24 of the Amended Complaint he states that Dr. Power failed to provide medical care in retaliation for filing a grievance around October 22, 2001. In paragraph 51, Daniel asserts that Caliper filed a false disciplinary report around June 7, 2002 in retaliation for the filing of a grievance. In paragraph 52, Daniel asserts that Dr. Powers failed to provide medical care in retaliation for filing grievances around June 19, 2002. The remaining paragraphs, containing allegations of retaliation, similarly name the defendant it is

directed to, the approximate date that the retaliation occurred, the reason for the retaliation, and the conduct that occurred as a result (generally the failure to provide medical care). Daniel has stated enough to put the defendants on notice of his retaliation claims.

In addition, the defendants assert that Daniel's Amended Complaint would be unnecessary and burdensome. While the court is aware that much prisoner litigation is burdensome on the employees who are named as defendants, in this particular case, the Amended Complaint and the Complaint are not so wholly dissimilar as to place an additional burden on the defendants to respond. Therefore, this argument is without merit.

Given the liberal pleading requirements and the liberal amendment provisions, the leave to file an Amended Complaint must be granted. There has been no showing of undue delay or bad faith or futility that would caution against allowing the amendment. The defendants' motions to dismiss, which apply equally to the Amended Complaint as they do to the Complaint, shall be the subject of a Report and Recommendation to be filed concurrently with this order.

Finally, the plaintiff appears to be seeking leave to attach medical documents to his Amended Complaint. He attaches no documents to his motion and it is unclear exactly which documents he is trying to file. The Amended Complaint itself contains numerous medical documents which the Court will consider to be part of the Complaint. This Court cannot grant the plaintiff's request as no documents were attached to the motion for the Court's consideration.

For the foregoing reasons, the Motion to Amend filed by Demetris Daniel on December 28, 2005 is **GRANTED** (Doc. 24) and the Motion for Leave to File filed by Daniel on March 21, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 38). The Clerk is DIRECTED to change

the naming of the plaintiff to "Demitris Daniel" and to file the Amended Complaint as of the date of this Order.

**DATED: April 22, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
