IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMETRIS DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:04 cv 789 DRH |
| | ) | |
| MARVIN POWER, TERI CALIPER, | ) | |
| DELIGHT GRISWOLD, TWYLA WALTON, | ) | |
| LANA WATKINS-WALTON, JANE | ) | |
| SIMMONS, MARILYN MELTON, | ) | |
| CHARLES HINSLEY, ROGER E. WALKER, | ) | |
| JR., AND WEXFORD HEALTH SOURCES, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge by District Judge David R.

Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local

Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the

defendants, Twyla Walton, Marvin Power, and Marilyn Melton, on November 15, 2004 (Doc. 9)

and the Motion to Dismiss filed by the defendants, Teri Caliper and Roger E. Walker, Jr., on

November 19, 2004 (Doc. 13).   For the reasons set forth below, it is **RECOMMENDED** that

the Motion to Dismiss be **GRANTED** (Doc. 9), that the Motion to Dismiss be **GRANTED IN**

**PART and DENIED IN PART** (Doc. 13), and that the Court adopt the following findings of

fact and conclusions of law:

Findings of Fact

The plaintiff, Demetris Daniel, is an inmate at the Tamms Correctional Center and filed a

Complaint in Alexander County State Court on September 10, 2004.  On October 29, 2004,

Daniel's Complaint was removed from State Court and filed with this Court.  Daniel's Amended

Complaint was sent to the Court on December 28, 2004 and was filed concurrently with this

Report and Recommendation.  In this lengthy Amended Complaint, Daniel makes a number of

allegations against the various defendants regarding numerous instances of inadequate medical

care.  He identifies the named defendants as employees at Tamms in the following capacities:

Marvin Powers is the Medical Director; Teri Caliper is a Health Care Administrator; Delight

Griswold is a Nurse Practitioner; Twyla Walton is a Licensed Nurse Practitioner; Lana Watkins-

Walton also is a Licensed Nurse Practitioner; Jane Simmons is a Registered Nurse; Marlyn

Melton is also is a Registered Nurse; Charles Hinsley is the Warden; Roger Walker, Jr. is the

Director of the Illinois Department of Corrections; and, finally, the Wexford Health Services is

the entity that actually employees the individual defendants except for Warden Hinsley and

Director Walker.

Daniel's claims range in date from September 5, 2001 to July 9, 2004.  He states that he

suffers from numerous ailments including ear infections, sinusitis, abdominal pain, callouses,

liver damage, and various other pains.  He also alleges that various defendants, in their

individual and official capacities, were involved in a plot to intentionally inject him with

"diseases" including Hepatitis C.  He specifically states that:

> 1.  Dr. Power refused to provide medical care on 10/22/01,
> 2/22/02, 4/4/02, 5/20/02, 7/1/02, 9/26/02, 2/21/03, 4/30/03, 5/7/03,
> 5/28/03, 9/2/03, 2/26/04, 4/14/04, and 4/16/04.
>
> 2.  Administrator Caliper refused to compel medical staff to care
> for the plaintiff on 9/15/01 and 6/7/02.  The plaintiff also alleges
> that Administrator Caliper either lied during grievance proceedings
> and/or intentionally refused to provide medical care, and retaliated
> against the plaintiff for seeking medical care.
>
> 3.  Nurse Griswold failed to provide medical care on 9/12/01,
> 11/5/01, and 12/10/01.

4.  Nurse Walton intentionally injected the plaintiff with Hepatitis C and other diseases on 1/2/02 after being paid by Nurse Griswold, Dr. Power, and Administrator Caliper in an effort to hide their poisoning of the plaintiff.  Nurse Walton also failed to provide medical care on 2/20/02, 12/11/02, 2/23/03, 3/9/03, 5/3/03, 5/13/03, 5/14/03, and 6/28/03.

5.  Nurse Watkins-Walton failed to provide medical care on 7/5/03.

6.  Nurse Simmons failed to provide medical care on 7/5/03.

7.  Nurse Melton failed to provide medical care on 9/5/01, 12/7/01, and 7/9/04.

8.  Administrator Caliper, Warden Hinsley, Director Walker, Dr. Power and other non-parties conspired to deprive him of medical care and "cover up" the actions of the other defendants on numerous occasions.

Thus, Daniel's claims can be grouped into five causes of action.  He asserts that on various dates, defendants Powers, Caliper, Griswold, Walton, Watkins, Simmons, and Melton failed to provide adequate medical care in violation of the Eighth Amendment prohibition against deliberate indifference to a serious medical need.   His second claim is that these defendants retaliated (and conspired to retaliate) against him for filing grievances – a violation of the First Amendment right to seek legal redress without fear of reprisal.  His third claim is that various defendants conspired, pursuant to 42 U.S.C. §1983, to deprive his of his guaranteed rights.  His fourth claim can best be described as a state law claim of battery – that Nurse Walton intentionally injected harmful substances in furtherance of a conspiracy to hide negligent medical care provided by Dr. Powers, Administrator Caliper, and Nurse Griswold.  Finally, his last claim is that the various medical staff committed medical malpractice under Illinois state law.

Daniel's claims did not undergo initial screening pursuant of 28 U.S.C. §1915A because

this matter was removed from State Court.  The defendants who have filed motions to dismiss

are Walton, Power, Melton, Caliper, and Walker.  Defendants Griswold, Watkins-Walton,

Simmons, Hinsley, and Wexford Health Sources, have yet to be served with a summons and a

copy of the Amended Complaint.

Conclusions of Law

Motions to Dismiss

Daniel was given leave to file an Amended Complaint after the defendants had filed their

motions to dismiss the original Complaint.  While normally an Amended Complaint would moot

pending motions to dismiss, the motions to dismiss apply equally to the Amended Complaint as

to the original Complaint.  Therefore, this Court RECOMMENDS that the District Court

consider the motions to dismiss notwithstanding the filing of an Amended Complaint.

The defendants are seeking dismissal pursuant to Federal Rule of Civil Procedure

12(b)(6).  Rule 12(b)(6) provides for dismissal if a Complaint fails to state a claim upon which

relief can be granted.  In considering a motion to dismiss, the Court accepts as true all well-

pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  Patel v.

City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004) (discussing a Rule 12(b)(1) motion to

dismiss);  Jet, Inc. V. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule

12(b)(6) motion to dismiss).  A Complaint can only be dismissed if "there is no possible

interpretation of the complaint under which it can state a claim."  Treadway v. Gateway

Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004).

Walton's and Power's Motion to Dismiss (Doc. 9)

In the first motion to dismiss, the defendants, Nurse Walton and Dr. Power, seek

4

dismissal of Daniel's medical malpractice claim.  Daniel cites to various Illinois statutes, 735

ILCS 5/2-1704, 735 ILCS 5/2-1113 and 730 ILCS 5/3-7-2(D), to support his claim that the

medical professionals here committed malpractice in their care of him.  The defendants argue

that Daniel's Complaint fails to comply with the specific filing requirements mandated by

Illinois law.  These defendants also argue that Daniel cannot rely on state law for a cause of

action regarding inadequate medical care that is already covered by §1983. Finally, the

defendants state that Daniel cannot seek a Court order compelling the state prosecutor to file

charges against these defendants.

       As a creature of state law, Daniel's medical malpractice claim is governed by Illinois

state law.  75 ILCS 5/2-622[1] provides that in a medical malpractice action, Daniel must, in part,

file an affidavit as to each defendant that indicates: that he has consulted with a qualified health

professional who has reviewed his claim and provided a written report that the claim is

reasonable and meritorious; or, that Daniel has not voluntarily dismissed the same cause of

action and cannot file an affidavit with the information above because of a statute of limitations

issue.  All of this must be accomplished within 90 days of the filing of the complaint.  If the

complaint does not contain the necessary certification, it must be dismissed.  735 ILL. COMP.

STAT. §5/2-622(g) (West 2002); Hull v. Southern Illinois Hospital Services, __N.E.2d ___, 2005

WL 583757, *3 (Ill. Ct. App. 2005); See also Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir.

2000).  Daniel has failed to file the necessary affidavit.  Therefore, it is the

---

[1] This code section was amended by the Civil Justice Reform Amendments of 1995,
Public Law 89-7.  That Public Law was held unconstitutional by the Illinois Supreme Court in
Best v. Taylor Machine Works, 689 N.E.2d 1057 (Ill. 1997).  The statute was then re-enacted by
Public Law 90-579 and became effective on May 1, 1998.  Cargill v. Czelatdko, 818 N.E.2d 898
(Ill. Ct. App. 2004).

RECOMMENDATION of this Court that Daniel's entire medical malpractice claim be

DISMISSED WITHOUT PREJUDICE.[2]  This Court further RECOMMENDS that this count be

dismissed with prejudice if Daniel fails to provide the necessary affidavit within 90 days of the

entry of the District Court's Order.

With respect to the defendants' second argument, that §1983 is the exclusive remedy for

Daniel's claim regarding inadequate medical care, the defendants have offered no rule of law for

this proposition other than stating that the Illinois law, 730 ILL. COMP. STAT. 5/3-7-2, does not

provide for such an application.  When invoked, §1983 is the exclusive remedy for alleged

Constitutional violations.  It is clear that Daniel would receive no different remedy pursuant to

the state law than what he would receive pursuant to §1983 (if he were to prevail).  Therefore,

invocation of the state statute is merely duplicative of his Constitutional claim.  In addition, the

Illinois Courts have held that this code section does not confer a private cause of action.  McNeil

v. Carter, 742 N.E.2d 1277, 1280-1281 (Ill. Ct. App. 2001)  Daniel's state law claims of

inadequate medical care are merely subsumed under his Eighth Amendment claim and should be

STRICKEN.

The defendants' final argument is that paragraph A of Daniel's payer for relief, seeking

an injunction compelling the state prosecutor to investigate and criminally prosecute his claims,

should be stricken.  It is black letter law that the decision to prosecute an individual is within the

broad discretion of a prosecutor.  See Spiegel v. Rabinovitz, 121 F.3d 251, 257 (7th Cir. 1997).

First, this Court has no jurisdiction over the state prosecutor.  Second, this Court does not have

---

[2] This Court has the discretion to dismiss Daniel's claim with or without prejudice.  Hull
___ N.E.2d at ___, 2005 WL 583757 at *3.  The defendants have offered no reason why this
claim should be dismissed with prejudice.

the authority, even if it were to have jurisdiction, to compel the state prosecutor to file charges against these defendants.  For these reasons, it is the RECOMMENDATION of this Court that the last sentence of the "preliminary statement" of the Amended Complaint and paragraph A of the prayer for relief be STRICKEN.

Caliper's and Walker's Motion to Dismiss (Doc. 13)

These defendants' first argument is that Daniel failed to state any claim against Director Walker in his Complaint.  The defendants are correct in noting that Daniel must allege personal conduct on the part of Director Walker in order to assert a claim against him in his individual capacity.  See e.g. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001).  In addition, in order to assert an official capacity suit against Director Walker, Daniel must allege that "an official policy or custom caused the injury."  Perkins v. Lawson, 312 F.3d 872, 876 (7th Cir. 2002).  These same considerations apply to Warden Hinsley.  While his original Complaint does not state any claim against Walker and Hinsley, throughout his Amended Complaint, Daniel alleges that Director Walker, Warden Hinsley, and the defendants conspired to deprive him of medical care.  He makes these allegations after he asserts that he filed grievances regarding the failure to provide adequate medical care, that they were denied, and that the denial was affirmed throughout the appeal's process.

While it is unlikely that Daniel will prevail on these claims, he has asserted enough of a claim to withstand dismissal.  A civil claim of conspiracy has no heightened pleading requirement.  See Hoskins v. Poelstra 320 F.3d 761, 764 (7th Cir. 2003).  Daniel has provided enough information to place the defendants on notice of the claim against them: that during each of the grievance procedures these defendants conspired to deprive Daniel of medical care.

7

Daniel has not, however, asserted there was an official policy or custom that caused him injury

(nor is he seeking prospective relief). It is clear that he is asserting that the defendants, including

Director Walker and Warden Hinsley, were personally involved in the decision to deny him

adequate medical care. For this reason it is the RECOMMENDATION of this Court that

Daniel's claims with respect to defendants Walker and Hinsley, in their individual capacity,

cannot be dismissed. However, it is the RECOMMENDATION of this Court that Daniel's

claims with respect to these defendants in their official capacity be DISMISSED WITH

PREJUDICE.

These defendants next argue that Daniel failed to state a medical malpractice claim

against Caliper and Walker. Daniel's medical malpractice claim, in addition to his reliance on

730 ILL. COMP. STAT. 5/2-7-3 and his claim regarding criminal prosecution of the defendants,

have already been addressed above.

Screening Pursuant to 28 U.S.C. §1915A

As indicated above, this matter was removed from State Court. On September 10, 2004,

prior to removal, Daniel sought to proceed *in forma pauperis* pursuant to State law and leave

was granted by a stamped order. Therefore, this Court RECOMMENDS that the District Court

allow Daniel to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and the State Court

order granting leave to so proceed. See Payne for Hicks v. Churchich, 161 F.3d 1030, 1037-

1038 (7th Cir. 1998) (stating that an order of the State Court is "not conclusive but remain[s]

binding until [it] is set aside."); 28 U.S.C. §1450. This Court further RECOMMENDS that the

District Court, prior to requiring the issuance of summons and the filing of any Answers, should

be initially screened pursuant to 28 U.S.C. §1915A and all claims (which this Court has not

already addressed) that are frivolous, malicious, or that fail to state a claim should be dismissed.

Initial Screening

As indicated above, Daniel has asserted five claims: violation of the Eighth Amendment prohibition against deliberate indifference to a serious medical need; violation of the First Amendment prohibition against retaliation for exercising a right to file grievances and complaints; conspiracy to deprive Daniel of his Eighth Amendment rights pursuant to 42 U.S.C. §1983; a state law battery claim; and a state law medical malpractice claim.  Daniel seeks, in the form of relief, an injunction directed to the State's Attorney to investigate and prosecute the defendants for assault, battery, and attempted murder, a declaratory judgment that the defendants violated federal and state law, compensatory and punitive damages, costs, and fees.

Count I

Daniel claims, throughout the Amended Complaint, that on various dates defendants Power, Caliper, Griswold, Walton, Watkins-Walton, Simmons, and Melton  failed to provide adequate medical care with respect to Daniel's ailments which include: callouses, stomach aches, hurting chest, side pains, chronic sinusitis, chronic ear pain/infection, body pains, throwing up blood, "popping bones," stiff neck, liver damage, upset stomach, painful joints, and discoloration of skin.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291-292 (1976).  In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'"

Benson v. Cady, 761 F.2d 335, 340 (7th Cir. 1985), *quoting* Estelle, 429 U.S. at 106, 97 S.Ct. at

292. "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment

only if that infliction is either deliberate, or reckless in the criminal law sense." Duckworth v.

Franzen, 780 F.2d 645, 652-53 (7th Cir. 1985).  Negligence, gross negligence, or even

"recklessness" as that term is used in tort cases, is not enough. Duckworth, 780 F.2d at 653;

Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1987).  "A 'serious' medical need is one that

has been diagnosed by a physician as mandating treatment or one that is so obvious that even a

lay person would easily recognize the necessity for a doctor's attention."  Foelker v. Outagamie

County, 394 F.3d 510, 512-513 (7th Cir. 2005) (citation omitted).

   Daniel's claims are that each of these defendants either refused to provide medical care,

even though he was seen by one or more of them, or that they provided inadequate medical care.

While most of Daniel's ailments, standing alone, may not constitute a serious medical need, he

has alleged that they are chronic and that they are occurring simultaneously.  Considering

Daniel's ailments in totality, this Court cannot conclude that he was not complaining about

serious medical needs.  Therefore, applying these standards to the allegations in the complaint,

this Court RECOMMENDS that the Eighth Amendment claims against Defendants Power,

Caliper, Griswold, Walton, Watkins-Walton, Simmons, and Melton, in their individual capacity,

should not be dismissed at this point in the litigation. See 28 U.S.C. § 1915A.

Count II

   Daniel asserts that defendants Power (¶¶23, 55, 65, 82, 86, 99, 102, 118, 126), Caliper

(¶¶51, 86), and Walton (¶¶86, 90, 94, 107) retaliated against him for filing grievances and this

lawsuit.

Daniel is entitled to use the prison grievance procedure, and to file a lawsuit in this matter, "without threat of recrimination." Hoskins, 395 F.3d at 375. Daniel has alleged that on or around various dates, the three defendants list above failed to provide adequate medical care in retaliation for the filing of grievances and this lawsuit. As such he has asserted enough to place the defendants on notice of his claim. Thomson v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 970-971 (7th Cir. 2004). Therefore, this Court RECOMMENDS that the First Amendment Retaliation claims against defendants Power, Caliper, and Walton, in their individual capacity, should not be dismissed at this point in the litigation.

Count III

For Count III, Daniel claims that various defendants conspired against him to deprive him of medical care. In paragraph 41 of the Amended Complaint, he states that Caliper conspired with "other defendant[s]" to deprive him of medical care around February 22, 2002. In paragraphs 45 and 51 he states that Caliper and Power conspired to deprive him of medical care around April 4, 2002 and June 7, 2002, respectively. In paragraphs 61 and 67, he states that Caliper and Hinsley (and "other defendant[s]") conspired to deprive him of medical care around December 11, 2002 and February 22, 2003, respectively. In paragraphs 71 and 75, he states that Caliper, Hinsley and Director Snyder (not a named defendant) conspired to deprive him of medical care around February 23, 2003 and March 9, 2003, respectively. In paragraphs 78 and 81, he states that Caliper, Hinsley, Power, and Snyder conspired to deprive him of medical care around March 33, 2003 and April 17, 2003, respectively. In paragraphs 85, 89, 93, 97, 101, 105, and 121, he states that Caliper, Hinsley, and Walker conspired to "cover up their misconduct" and deprive him of medical care around April 20, 2003, May 3, 2003, May 13, 2003, May 14,

11

2003, May 28, 2003, and February 26, 2004, respectively.  Finally, in paragraphs 131 and 135,

he states that Caliper and Walker, along with two non-parties, conspired to "cover up their

misconduct" and deprive him of medical care around April 16, 2004 and July 9, 2004,

respectively.

In order to assert a civil conspiracy claim pursuant to 42 U.S.C. §1983, See e.g. Lewis v.

Washington, 300 F.3d 829, 835 (7th Cir. 2002), Daniel must at least assert who was involved in

the conspiracy, the general purpose, and the approximate time period.  Hoskins, 320 F.3d at 764.

While the Amended Complaint is rather vague on *wh*y these defendants bothered to conspire

specifically against this plaintiff, Daniel has at least alleged what is minimally necessary to

assert a civil conspiracy claim.  Therefore, this Court RECOMMENDS that the conspiracy

claims against defendants Power, Caliper, Walker and Hinsley, in their individual capacity,

should not be dismissed at this point in the litigation.

## Count IV

Daniel asserts in paragraphs 34 and 68 that Walton injected him with Hepatitis C and

other diseases after being paid by Power, Caliper, and Griswold who wanted to cover up their

over-medicating and poisoning of Daniel.  This Court assumes that Daniel is asserting a state law

claim of battery, an "unauthorized touching of the person of another."  Curtis v. Jaskey, 759

N.E.2d 962, 965 (Ill. Ct. App. 2001); See also Lane v. Anderson, 802 N.E.2d 1278 (Ill. Ct. App.

2004) ("medical battery" can be established by showing a lack of consent for treatment, variance

between the treatment and the consent given, or treatment contrary to a plaintiff's will).  Daniel

claims that he was injected with a deadly disease without his consent or knowledge during the

course of medical treatment.  If Daniel's allegations are taken as true, intentionally injecting

deadly diseases into another person as part of a cover-up certainly would be harmful and offensive contact.  See Happel v. Wal-Mart Store, Inc., 737 N.E.2d 650, 657-658 (Ill. Ct. App. 2000).  Therefore, this Court RECOMMENDS that the battery claim against defendants Power, Caliper, Walton and Griswold, in their individual capacity, should not be dismissed at this point in the litigation.[3]

### Other Claims

A remaining question is whether Daniel can sue the named defendants in their individual and/or official capacities.  In order to assert individual capacity suits pursuant to §1983 for money damages, Daniel must allege that each defendant was personally involved in the decision to deny him medical care, to retaliate against him, and to conspire against him.  See e.g. Wynn, 251 F.3d at 592.   In addition, Daniel cannot seek injunctive relief against the defendants in their individual capacity.  Greenawalt v. Indiana Department of Corrections, 397 F.3d 587, 589 (7th Cir. 2005).  As noted above, Daniel should be allowed to proceed with his personal capacity suits against each of the defendants.

The Eleventh Amendment, however, bars suits for money damages against state officials in their official capacities.  See Brown v. Budz, 398 F.3d 904, 918 (7th Cir. 2005).  While Daniel has named each of the defendants in their official capacity, it is clear that none of the nurses or medical staff are "officials."  At most, only Hinsley and Walker are "state officials" who can be sued in that capacity – and suit against them in their official capacity is a suit against the State of Illinois.  See Generally Brown, 398 F.3d at 917-918.  In any event, Daniel is not alleging a policy or custom, nor is he seeking prospective relief – he seeks damages for past conduct and a

---

[3] Daniel's fifth Count, medical malpractice, has already been addressed above.

declaration regarding past conduct.  As such, Daniel has failed to assert a claim against any of the defendants in their official capacity.  See Williams v. Wisconsin, 336 F.3d 576, 580-581 (7th Cir. 2003); Perkins, 312 F.3d at 875.  Therefore, it is the RECOMMENDATION of this court that Daniel's official capacity suit against all of the defendants be DISMISSED WITH PREJUDICE.

Finally, Daniel has named Wexford Health Sources as a party defendant.  There is no allegation in the Amended Complaint regarding Wexford other than it is the employer of the defendants (excluding Hinsley and Walker).  Private entities can be held liable under §1983 if, under the circumstances, the entity is acting under the color of state law and if the entity can be considered a state actor.  See Morfin v. City of East Chicago, 349 F.3d 989, 1003 (7th Cir. 2003).  This Court infers from the Amended Complaint that Daniel is alleging that Wexford has been delegated a public function (i.e. providing medical care to inmates) and thus is amenable to suit under §1983.  Payton v. Rush-Presbyterian-St. Luke's Medical Center, 184 F.3d 623, 628 (7th Cir. 1999).  In addition, as there is no specific allegation against Wexford, this Court infers that Daniel is suing Wexford just because it employs some of the defendants.  Daniel cannot sue an individual or government entity under a theory of *respondeat superior*.  Lawrence v. Kenosha County, 391 F.3d 837, 843-844 (7th Cir. 2004).  It follows, then, that he also cannot sue an entity, that is considered to be a state actor, under the same theory.  For this reason, it is the RECOMMENDATION of this Court that Wexford Health Sources be DISMISSED WITH PREJUDICE.

Conclusion

In summary and for the foregoing reasons, this Court makes the following

14

**RECOMMENDATIONS**:

1.  That the Motion to Dismiss filed by the defendants, Twyla Walton, Marvin Power, and Marilyn Melton, on November 15, 2004 be **GRANTED** (Doc. 9).

2.  That the Motion to Dismiss filed by the defendants, Teri Caliper and Roger E. Walker, Jr., on November 19, 2004 be **GRANTED IN PART and DENIED IN PART** (Doc. 13).

3.  That the Court adopt the foregoing findings of fact and conclusions of law and the following additional recommendations.

This Court further **RECOMMENDS** that:

4.  Daniel's state law medical malpractice claim against all defendants be **DISMISSED WITHOUT PREJUDICE** and that Daniel be given 90 days to cure the defect in his claim by providing the necessary affidavit(s).  Furthermore, this Court RECOMMENDS that this Count be dismissed with prejudice if Daniel fails to provide the necessary affidavit(s).

5.  All defendants, in their official capacities, be **DISMISSED WITH PREJUDICE**.

6.  The defendant, Wexford Health Sources, be **DISMISSED WITH PREJUDICE**.

7.  Daniel's state law claim of inadequate medical care, a claim inferred by reference to 730 Ill. Comp. Stat. 5/3-7-2 in sentence 5 of the "preliminary statement" in the Amended Complaint (p. 1), be **STRICKEN**.

8.  Daniel's prayer for injunctive relief directed at the state prosecutor, as stated in the last sentence of the "preliminary statement" and paragraph A of the prayer for relief in the Amended Complaint, be **STRICKEN**.

In addition, pursuant to 28 U.S.C. §1915, 28 U.S.C. §1915A, Federal Rules of Civil

Procedure 8(f) and 10(b), and the practice of this Court, it is also **RECOMMENDED** that:

9.  Daniel's claims be generally identified in subsequent motions and Orders from this Court as follows:

    A.  **COUNT I** – Eighth Amendment claim alleging deliberate indifference to a serious medical needs against defendants **MARVIN POWER, TERI CALIPER, DELIGHT**

15

**GRISWOLD, TWYLA WALTON, LANA WATKINS-WALTON, JANE SIMMONS,** and **MARILYN MELTON**, in their individual capacities.

B.  **COUNT II** – First Amendment retaliation claim against defendants **MARVIN POWER, TERI CALIPER,** and **TWYLA WALTON**, in their individual capacities.

C.  **COUNT III** – §1983 conspiracy claim against defendants **MARVIN POWER, TERI CALIPER, CHARLES HINSLEY,** and **ROGER WALKER**, in their individual capacities.

D.  **COUNT IV** – state law battery claim against **MARVIN POWER, TERI CALIPER, DELIGHT GRISWOLD,** and **TWYLA WALTON**, in their individual capacities.

10.  The Clerk be **DIRECTED** issue to Daniel four USM-285 forms for preparation by Daniel in order to effect served on defendants Griswold, Watkins, Simmons, and Hinsley.

11.  Daniel be **DIRECTED** to submit to the Court two additional copies of his Amended Complaint (for service) and the filled-out USM-285 forms within 14 days of the issuance of the Court's Order.

12.  The Clerk be **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **DELIGHT GRISWOLD**, **LANA WATKINS-WALTON, JANE SIMMONS,** and **CHARLES HINSLEY**.  The Clerk to be directed to forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

13.  The United States Marshal be **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **GRISWOLD, WATKINS-WALTON, SIMMONS** and **HINSLEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.

14.  Daniel be **ORDERED** to serve upon defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.

15.  The Defendants be **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10)

days after issuance of this Recommendation to file written objections thereto.  The failure to file

a timely objection may result in the waiver of the right to challenge this Report and

Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380

F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir.

2003).


**DATED: April 22, 2005**

                                              **s/ Donald G. Wilkerson**
                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**