IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIS DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 cv 789 DRH |
| ) | |
| MARVIN POWER, TERI CALIPER, ) | |
| DELIGHT GRISWOLD, TWYLA WALTON, ) | |
| LANA WATKINS-WALTON, JANE ) | |
| SIMMONS, MARILYN MELTON, ) | |
| CHARLES HINSLEY, ROGER E. WALKER, ) | |
| JR., AND WEXFORD HEALTH SOURCES, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Emergency Temporary Restraining Order and a Preliminary Injunction filed by the plaintiff, Demetris Daniel, on April 5, 2005 (Doc. 39). For the reasons set forth below it is **RECOMMENDED** that the Motion be **DENIED** and that the Court adopt the following Findings of Fact and Conclusions of Law:

Findings of Fact

The plaintiff's Amended Complaint alleges that the various defendant violated his Eighth Amendment right to adequate medical care, his First Amendment right to be free from retaliation for filing grievances, that the defendants are engaged in a civil conspiracy, that they engaged in battery, and that they committed medical malpractice. The substance of the plaintiff's claims have been addressed in this Court's previous Report and Recommendations on the defendants'

1

motions to dismiss.

In the present motion, the plaintiff seeks immediate injunctive relief in order to compel the defendants to continue providing certain prescriptions for sinusitis and other medical problems, ordered by a non-party, Dr. Chhabra, and an Order requiring the defendants to have the plaintiff examined by a nose, throat, and ear specialist.  Defendants Roger Walker and Teri Caliper responded to this motion on April 13, 2005.

Conclusion of Law

Federal Rule of Civil Procedure 65 provides specific procedures for the issuance of a preliminary injunction and a temporary restraining order (TRO).  While listed second, a TRO can be issued without notice and by its term is temporary in nature.  RULE 65(b).  If a TRO is issued without notice, the matter must be set for a hearing on a motion for a preliminary injunction.  Rule 65(a) states that no preliminary injunction shall be issued unless notice is given to the adverse party.  In addition to this, Daniel must also show that:

> (1) [he is] [] reasonably likely to succeed on the merits;
> (2) [that] no adequate remedy at law exists;
> (3) [that he] [] will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and
> (4) [that] the injunction will not harm the public interest.
>
> Joelner v. Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004).

See also Incredible Technologies, Inc. v. Virtual Technologies, Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).  If Daniel meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another."  Joelner, 378 F.3d at 619.  In considering a motion for a preliminary injunction, this court can consolidate the matter with the

2

trial on the underlying complaint.  See RULE 65(a)(1).  The Rule further provides for the deposit of security to compensate the defendant in the event that a TRO or preliminary injunction wrongfully enjoins or restrains the defendants.  RULE 65(c).  And, Rule 65(d) states that any order made pursuant to the rule must be specific and "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

In addition to the Federal Rules, Daniel's motion is governed by the Prisoner Litigation Reform Act of 1997.  18 U.S.C. §3626(a).  Under the PLRA, preliminary injunctive relief can only be ordered if the relief is "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. §3626(a)(2).  The burden is upon the plaintiff to show that he is entitled to a TRO or a preliminary injunction.  See Boucher v. School Board of the School District of Greenfield, 134 F.3d 821, 823 (7th Cir. 1998).  This court will not lightly issue any such order as the relief that Daniel is seeking is "never to be indulged in except in a case clearly demanding it."  Barbecue Marx, Inc. v. 551 Ogden, Inc., 235 F.3d 1041, 1044 (7th Cir. 2000) (quotation marks and citations omitted).

Daniel first states that the defendants should be compelled to continue providing prescription medication that were prescribed by Dr. J. Chhabra.  The plaintiff states, and has provided evidence, that he was seen by Dr. Chhabra who prescribed "CTM" and Tums on December 2, 2004 for a period of two weeks.  (Pl. Ex. 5)  These medications did not help the plaintiff so Dr. Chhabra, on December 19, 2004, prescribed an antibiotic for a two week period.

(Pl. Ex. 2, 3, 5)  As these antibiotics also did not alleviate the plaintiff's problems, Dr. Chhabra prescribed Bactrim DS and CTM for a four week period beginning on February 12, 2005.  (Pl. Ex. 4)  The plaintiff then states that prior to the expiration of the four week period, a named defendant, Dr. Power, cancelled the medication on March 1, 2005.  The plaintiff asserts that Dr. Power cancelled the medication in order to cover-up his own misconduct in his care and treatment of the plaintiff.  The plaintiff filed a grievance on the matter on March 1, 2005 (Pl. Ex. 6) In response (dated March 22, 2005), another named defendant, Teri Caliper (a nurse), stated that the medication was reduced to two weeks per Dr. Power's instructions as it was unusual for an antibiotic to be prescribed for more than two weeks.  (Pl. Ex. 7)

     Even if the plaintiff were to post a bond, this matter does not clearly require the issuance of a preliminary injunction or a TRO.  As Daniel has provided notice of this motion to the affected defendants, Dr. Power and Teri Caliper, his request for a TRO is merely duplicative of his request for a preliminary injunction.  It appears from the evidence submitted by Daniel that Dr. Power, who, from the plaintiff's other filings, has been treating the plaintiff for a number of years, decided to overrule Dr. Chhabra's prescription of antibiotics for a four week period.  While Daniel alleges that Dr. Power had ulterior motives for cancelling the prescription there is no showing that the plaintiff will suffer irreparable damage, that the decision was not based on sound medical judgments, or that the issuance is a preliminary injunction is clearly demanded on this matter.  On its face, a treating physicians reversal of another, temporary doctor's prescription does not appear to be unusual as the treating physician is more familiar with the plaintiff's ailments.  The plaintiff seeks to have this Court sit as a super-medical board that would weigh individual decisions made by medical professionals.  This Court will not mandate

specific medical treatment without some showing of irreparable harm or the lack of other remedies.  While Daniel may not appreciate or agree with the medical treatment he is receiving, he has an adequate remedy at law: his underlying lawsuit for damages.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motion for Emergency Temporary Restraining Order and a Preliminary Injunction filed by the plaintiff, Demetris Daniel, on April 5, 2005 be **DENIED** (Doc. 39) and that the Court adopt the foregoing Findings of Fact and Conclusions of Law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 22, 2005**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**