IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIS DANIEL,
Inmate No. B75197,

**Plaintiff,**

vs.

DR. MARVIN POWER, TERI CALIPER,
DELIGHT GRISWOLD, TWYLA WALTON,
LANA WATKINS-WALTON, JANE SIMMONS,
MARILYN MELTON, CHARLES HINSLEY,
ROGER E. WALKER, JR., AND
WEXFORD HEALTH SOURCES,

**Defendants.**                                                    No. 04-CV-789-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On September 10, 2004, Plaintiff Demetris Daniel, an inmate at the Tamms Correctional Center, filed a **42 U.S.C. § 1983** complaint in the Circuit Court of the First Judicial Circuit, Alexander County, Illinois against various prison health care providers and officials **(Doc. 2)**. On October 29, 2004, Daniel's Complaint was removed from state court to federal court based on this Court's federal question jurisdiction, **28 U.S.C. § 1331 (Doc. 1)**. Daniel's Amended Complaint[1], as identified

---

[1] Defendants' motions to dismiss were filed in connection with Daniel's original complaint; however, the Magistrate Judge found that the motions to dismiss applied equally to the Amended Complaint and recommended that this Court consider the motions to dismiss notwithstanding the filing of the Amended Complaint **(Doc. 43, Report and Recommendation dated April 22, 2005 at p. 4)**. None of the parties objected to this recommendation, therefore the Court adopts it.

and designated by the Magistrate Judge, alleges that Defendants Dr. Marvin Power ("Dr. Power"), Teri Caliper ("Caliper"), Delight Griswold ("Griswold"), Twyla Walton ("Walton"), Lana Watkins-Walton ("Watkins-Walton"), Jane Simmons ("Simmons"), and Marilyn Melton ("Melton") were deliberately indifferent to Daniel's serious medical needs in violation of the Eighth Amendment (Count I), that Defendants Dr. Power, Caliper, and Walton retaliated against Daniel for filing grievances and this lawsuit in violation of the First Amendment (Count II), that Defendants Dr. Power, Caliper, Charles Hinsley ("Hinsley"), and Roger Walker, Jr. ("Walker") engaged in a **§ 1983** civil conspiracy (Count III), and that Defendants Dr. Power, Caliper, Griswold, and Walton committed state law battery (Count IV) **(Doc. 44)**.[2]

On April 22, 2005, pursuant to **28 U.S.C. § 636(b)(1)(B)**, United States Magistrate Donald G. Wilkerson submitted a Report and Recommendation (the "Report") in connection with the Motion to Dismiss filed by Defendants Walton, Dr. Power, and Melton **(Doc. 9)** and the Motion to Dismiss filed by Defendants Caliper and Walker **(Doc. 13)**. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. To date, none of the parties have filed objections, and the period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this

---

[2]The Court adopts the recommendation of the Magistrate Judge in this regard. Daniel's claims will be generally identified in subsequent motions and Orders from this Court as described above. **(See Doc. 43, Report and Recommendation dated April 22, 2005 at pp. 15-16)**. Should Plaintiff correct the defect in his medical malpractice claim as described below, this claim shall be designated as Count V.

Court need not conduct *de novo* review, **Thomas v. Arn, 474 U.S. 140, 149-52 (1985)**, and **ADOPTS** the Report in its entirety **(Doc. 43)**.

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by the Defendants Walton, Dr. Power, and Melton is **GRANTED (Doc. 9)** and the Motion to Dismiss filed by Defendants Caliper and Walker is **GRANTED in part and DENIED in part (Doc. 13)**.

**IT IS FURTHER ORDERED** that Daniel's state law medical malpractice claim against all Defendants is **DISMISSED without prejudice**.  Daniel has **90 days** to cure the defect in his claim by providing the necessary affidavit(s) as described in the Report.  **<u>The Court will convert the dismissal to one with prejudice if Daniel fails to provide the necessary affidavit(s) within 90 days</u>**.

**IT IS FURTHER ORDERED** that Daniel's claims against all Defendants, in their official capacities, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Defendant Wexford Health Sources is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Daniel's state law claim of inadequate medical care, a claim inferred by reference to **730 ILCS 5/3-7-2** in sentence 5 of the "preliminary statement" in the Amended Complaint, is **STRICKEN**.

**IT IS FURTHER ORDERED** that Daniel's prayer for injunctive relief directed at the state prosecutor, as stated in the last sentence of the "preliminary statement" and paragraph A of the prayer for relief in the Amended Complaint, is

**STRICKEN**.

The Clerk is **DIRECTED** to issue to Daniel four USM-285 forms for preparation by Daniel in order to effect service on Defendants Griswold, Watkins-Walton, Simmons, and Hinsley.

Daniel is **DIRECTED** to submit to the Court two additional copies of his Amended Complaint (for service) and the filled-out USM-285 forms within 14 days of the issuance of this Order.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **GRISWOLD**, **WATKINS-WALTON, SIMMONS,** and **HINSLEY**. The Clerk is **DIRECTED** to forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to **RULE 4(c)(2)** of the Federal Rules of Civil Procedure, to serve process on Defendants **GRISWOLD, WATKINS-WALTON, SIMMONS** and **HINSLEY** in the manner specified by **RULE 4(d)(2)** of the Federal Rules of Civil Procedure.

Daniel is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint, and shall not waive filing a reply pursuant to **42 U.S.C. § 1997e(g)**.

**IT IS SO ORDERED.**

Signed this 20th day of July, 2005.

<u>/s/    David RHerndon</u>
**United States District Judge**