IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DETETRIS DANIEL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:04-cv-789-DRH |
| | ) |
| DR. MARVIN POWER, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion to Appoint Expert filed by the Plaintiff, Demetris Daniel, on August 18, 2005 (Doc. 56), the Motion to Appoint Counsel filed by Daniel on August 18, 2005 (Doc. 57), the Motion to Compel filed by Daniel on August 18, 2005 (Doc. 57), the Motion for Extension of Time filed by Daniel on September 19, 2005 (Doc. 61), and the Motion for Hearing filed by Daniel on September 19, 2005 (Doc. 63).  For the reasons set forth below, the Motion to Appoint Expert is **DENIED**, the Motion to Appoint Counsel is **DENIED**, the Motion to Compel is **DENIED**, the Motion for Extension is **GRANTED**, and the Motion for a Hearing is **MOOT**.

**BACKGROUND**

The facts of this case are lengthy and, as they were outlined in detail in this Court's April 22, 2005 Report and Recommendation, will not be repeated here.   The Plaintiff's claims are: Count 1 – deliberate indifference to a serious medical need; Count 2 – retaliation for filing grievances; Count 3 – a §1983 conspiracy; and Count 4 – state law battery.  A remaining count, Count V for medical malpractice, was contingent upon the Plaintiff filing an affidavit.

**DISCUSSION**

**Motion to Appoint Expert**

This Court already has denied, with prejudice in an order dated April 22, 2005, a similar motion filed by the Plaintiff. There is no rule of law that provides for the appointment of a medical expert in a civil case of the type that the Plaintiff has filed. This Court also does not have any authority to compel a doctor to examine the Plaintiff or the obligation to conduct discovery on the Plaintiff's behalf. If the Plaintiff requires an outside examination, he must coordinate the same, if it is possible, with the jail. The plaintiff has offered no argument that would necessitate reconsideration of these conclusions.

**Motion to Appoint Counsel**

The Court already has denied, with prejudice in an order dated April 22, 2005, a similar motion filed by the Plaintiff. The Plaintiff has offered no additional convincing argument that would necessitate reconsideration of that order.

**Motion to Compel**

The Plaintiff seeks responses to a request for production of documents served on the Defendants on May 25, 2005. Each of these requests will be addressed in turn:

1. All of the Plaintiff's medical records. The Defendants object because the Plaintiff can acquire these records from other sources and because of the time frame, the Plaintiff seeks records from 1994. The Defendants are correct in noting that the Plaintiff can acquire these documents from another source, presumably the health department at the jail, and that the scope of the request is lengthy. The Court notes that the Plaintiff had attached to his complaint various medical documents. If the Plaintiff was able to acquire these medical records, he should be able to acquire any additional documentation that he needs.

2. Defendants' employment contracts showing compensation information: These documents are irrelevant to the Plaintiff's complaint. Whether and what bonuses or money the Defendants may be receiving are wholly unrelated to the allegations in the complaint.

3. Contracts between two Defendants and pharmaceutical companies and lists of all drug and their side effects received from pharmaceutical companies: The Plaintiff has not explained how any of this information is relevant to his lawsuit. It is overly-broad and burdensome and its production will not be compelled.

4. Training documents from Wexford and IDOC related to nurses: Neither IDOC nor Wexford are a party to this lawsuit. If the Plaintiff seeks these documents, he must utilize the subpoena provisions of Federal Rule of Civil Procedure Rule 45.

5. Documents concerning the medical budget of Tamms: This information is irrelevant to this lawsuit and its production will not be compelled.

6. Insurance Agreements: This information is irrelevant to this lawsuit and its production will not be compelled.

Based on the foregoing, this motion is **DENIED** in its entirety.

**Motion for Extension**

The Plaintiff seeks an extension of time to secure an affidavit to support his state law medical malpractice claim. The Plaintiff was given 90 days, by a July 20, 2005 order, to secure the necessary affidavit. The Plaintiff was informed that this claim would be dismissed with prejudice if he failed to secure the necessary affidavit. The 90 day period expired on October 18, 2005. This motion, then, is timely and also is related to the Plaintiff's motion for appointment of an expert. As there will be no prejudice to the Defendants, the Plaintiff is **GRANTED** 60

additional days to secure the necessary affidavit.  The Plaintiff is **WARNED**, however, that no additional extension will be granted

**Motion for Hearing**

The Plaintiff requests a hearing on his pending motions.  As these motions have now been resolved, this motion is **MOOT.**

### CONCLUSION

For the reasons set forth above, the Motion to Appoint Expert filed by the Plaintiff, Demetris Daniel, on August 18, 2005 is **DENIED** (Doc. 56), the Motion to Appoint Counsel filed by Daniel on August 18, 2005 is **DENIED** (Doc. 57), the Motion to Compel filed by Daniel on August 18, 2005 is **DENIED** (Doc. 57), the Motion for Extension of Time filed by Daniel on September 19, 2005 is **GRANTED** (Doc. 61), and the Motion for Hearing filed by Daniel on September 19, 2005 is **MOOT** (Doc. 63).


**DATED: February 3, 2006**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**
