IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEMETRIS DANIEL,**

 **Plaintiff,**

v.

**DR. MARVIN POWER, et al.,**

 **Defendants.**        **Case No. 04-cv-789-DRH-DGW**

**ORDER**

**HERNDON, District Judge:**

  Before the Court is a Report and Recommendation ("R&R") (Doc. 115), issued by Magistrate Judge Wilkerson, pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending Plaintiff's Motion for Default Judgment (Doc. 76) against defendants Charles Hinsley and Delight Griswold be denied. According to the proposed findings of fact stated in the R&R, Plaintiff avers that these two Defendants are in default for failing to file an Answer to his Complaint within the 20 days proscribed by Federal Rule of Civil Procedure 55(b). However, the R&R notes that both Defendants executed waivers of service (Docs. 69 & 70), allowing them 60 days to file their Answers, instead of 20 days.

  While defendant Griswold timely filed her Answer, the R&R also shows that defendant Hinsley did not. However, the day after the filing deadline, defendant

Hinsley moved for leave to file his Answer *instanter* (Doc. 78), explaining that his counsel inadvertently failed to file the answer on his behalf. His Motion was granted by the Court (Doc. 107). Therefore, Plaintiff has no right under the law to seek a default judgment against defendant Griswold, as she timely filed her Answer. Thus, the only defendant to whom such Motion applies is defendant Hinsley.

Recognizing that the Seventh Circuit favors resolving a legal dispute on the merits, if possible, over entering a default judgment against a party, the R&R found that Plaintiff's Motion (Doc. 76) was not well-taken (Doc. 115, p. 2, citing ***Sun v. Bd. of Trustees of Univ. of Ill.*, No. 06-2438, 2007 WL 93313, at \*11 (7th Cir. Jan. 16, 2007)(stating that a default judgment "is a weapon of last resort . . .")**). This holds especially true when the default is merely a technical mishap of sorts – if it is clear the defendant showed no wilful disregard for the ongoing litigation. As the R&R properly recognized, proper regard was demonstrated by defendant Hinsley's "prompt action to correct the situation" (Doc. 115, p. 2). His Answer is now part of the record, it was made with little interruption to the litigative process, it does not appear to have caused prejudice to Plaintiff, and therefore warrants denying Plaintiff's Motion (Doc. 76).

The parties were given ten days to file written objections to the R&R. None were filed. Therefore, as none of the parties have filed timely objections to the R&R, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct a *de novo* review of this matter. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**. Thus, the Court

**ADOPTS** the R&R in its entirety, thereby **DENYING** Plaintiff's Motion for Default Judgment (Doc. 76).

**IT IS SO ORDERED.**

Signed this 26th day of February, 2007.

/s/       David   RHerndon
**United States District Judge**