IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEMETRIS DANIEL,**

    **Plaintiff,**

**v.**

**DR. MARVIN POWER, et al.,**

    **Defendants.**                               **Case No. 04-cv-789-DRH-DGW**

## ORDER

**HERNDON, District Judge:**

    Before the Court is a Motion to Dismiss and supporting memorandum (Docs. 73 & 74), filed on behalf of defendant Delight Griswold. Although Plaintiff has not filed a Response, for the reasons discussed herein, the Court believes the issue is ripe and appropriate for a ruling upon the merits.

    Specifically, defendant Griswold's Motion seeks a dismissal with prejudice of Plaintiff's claims of medical malpractice, for failure to comply with **722 ILL. COMP. STAT. 5/2-622**. In other words, Plaintiff has failed to file the necessary affidavit(s). Defendant also notes that Plaintiff's medical malpractice claim lists various other Illinois state law provisions that do not appear applicable or appropriate to plead when bringing a medical malpractice claim. Defendant lastly requests that any requests for criminal charges Plaintiff makes be stricken from his pleadings.

**<u>Medical Malpractice</u>**

Defendant's first grounds for dismissal relates back to an issue previously addressed by the Court; first, in a Report & Recommendation ("R&R") (Doc. 43) by the Magistrate Judge, and secondly, in an Order (Doc. 49) that adopted the R&R, issued by the District Judge.  The R&R was issued regarding two earlier Motions to Dismiss (Docs. 9 & 13), filed by codefendants Teri Caliper and Roger Walker, Jr.  The issue of Plaintiff's compliance with **722 ILL. COMP. STAT. 5/2-622** was similarly raised in their Motion to Dismiss (Doc. 13).  The R&R, thoroughly examining the issue, found that Plaintiff was required to file certain affidavits in order to bring a medical malpractice claim (*see* Doc. 43, pp. 5-6, which gives a detailed description of the necessary affidavit(s) Plaintiff was required to file with the Court).  Finding that Plaintiff had failed to file any affidavits, the R&R recommended Plaintiff's entire medical malpractice claim (against all Defendants, including defendant Griswold)[1], be dismissed without prejudice, and further that the dismissal would later convert to a dismissal *with* prejudice, if Plaintiff did not provide the necessary affidavit(s) within 90 days from the date of entry of the istrict Court's Order (adopting the R&R) (Doc. 43, p. 6).

All parties were allowed 10 days to file objections to the R&R.  No objections were filed.  Therefore, on July 20, 2005, the District Judge issued an Order adopting the R&R in its entirety (Doc. 49).  Accordingly, Plaintiff had 90 days

---

[1] The Court notes that at the time the R&R was issued, defendant Griswold had yet to be served process.

from the date of that order to provide the necessary affidavit(s).

Again, Plaintiff did not provide these affidavits. However, within that time period Plaintiff did move for an extension of time to file the affidavit(s) (Doc. 61). In an Order (Doc. 67), issued on February 3, 2006, the Magistrate Judge granted this Motion, allowing Plaintiff an additional 60 days in which to file the necessary affidavit(s). The Order also gave a clear warning to Plaintiff that an additional extension of time would not be granted (*Id.* at 4). Presumably after the 60 day extension had expired, the instant Motion to Dismiss (Doc. 73) was filed by defendant Griswold.[2] The argument made by defendant Griswold merely rehashes what the Court has already discussed in the initial R&R (Doc. 43) regarding the technical deficiencies of Plaintiff's medical malpractice claim against all Defendants. Reviewing the docket, the Court finds that Plaintiff has failed to provide the necessary affidavit(s) in order to become technically compliant with **722 ILL. COMP. STAT. 5/2-622**.

Therefore, pursuant to the Court's initial July 20, 2005 Order (Doc. 49), finding that Plaintiff's medical malpractice claim against all Defendants would be dismissed with prejudice if Plaintiff failed to file the necessary affidavit(s) within the time period proscribed by the Court (and the extension allowed by the Magistrate Judge in his February 3, 2006 Order (Doc. 67)), the Court finds Plaintiff has failed to comply. Therefore, in accordance with its own Order (Doc. 49), Plaintiff's medical

---

[2] Who had, at that time, been served as a party defendant in this case.

malpractice claim[3] against all Defendants (including defendant Griswold) is hereby **DISMISSED WITH PREJUDICE**. As such, the Court **FINDS AS MOOT** defendant Griswold's Motion to Dismiss (Doc. 13) in this regard.

### Plaintiff's Request for Criminal Prosecution of Defendants

The issue of whether it was even proper for Plaintiff to request criminal charges be brought against Defendants was previously raised by the codefendants in two prior Motions to Dismiss (Docs. 9 & 13) and addressed in the initial R&R:

> The defendants' final argument is that paragraph A of [Plaintiff's] prayer (*sic.*) for relief, seeking an injunction compelling the state prosecutor to investigate and criminally prosecute his claims, should be stricken. It is black letter law that hte decision to prosecute an individual is within the broad discretion of a prosecutor. ***See Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997)**. First, this Court has no jurisdiction over the state prosecutor. Second, this Court does not have the authority, even if it were to have jurisdiction, to compel the state prosecutor to file charges against these defendants. For these reasons, it is the RECOMMENDATION of this Court that the last sentence of the "preliminary statement" of the Amended Complaint and paragraph A of the prayer for relief be STRICKEN.

(Doc. 43, pp. 6-7).[4]

The Court, as it has already stricken such requests for criminal charges in Plaintiff's

---

[3] Which includes references to other state statutes, such as **735 ILL. COMP. STAT. 5/2-1704**, **735 ILL. COMP. STAT. 5/2-1113** and **730 ILL. COMP. STAT. 5/3-7-2(d)**. The Court further refers to its July 20, 2005 Order (Doc. 49, p. 3) adopting the R&R, and ordering that Plaintiff's "state law claim of inadequate medical care, a claim inferred by reference to **730 ILL. COMP. STAT. 5/3-7-2** in sentence 5 of the "preliminary statement" in the Amended Complaint be stricken.

[4] *See also* Doc. 43, p. 8, finding that the same prayer for relief regarding the Motion to Dismiss (Doc. 13) brought by codefendants Caliper and Walker, had already been addressed by the R&R when considering the same argument raised in the Motion to Dismiss (Doc. 9) brought by codefendants Walton and Power.

Amended Complaint, **FINDS MOOT** this basis for defendant Griswold's Motion to Dismiss (Doc. 73).[5]  Plaintiff cannot request such relief regarding any Defendants in this case.

In conclusion, defendant Griswold's Motion to Dismiss (Doc. 73) is **FOUND MOOT** in its entirety.  Further, pursuant to the Court's previous Orders (Docs. 49 & 67), Plaintiff's claim against all Defendants for medical malpractice is hereby **DISMISSED WITH PREJUDICE** for failure to comply with the Court's instruction to provide the necessary affidavit(s) in accordance with **722 ILL. COMP. STAT. 5/2-622**.

**IT IS SO ORDERED.**

Signed this 28th day of February, 2007.

/s/      David RHerndon
**United States District Judge**

---

[5] The Court realizes that the instant Motion was filed on behalf of defendant Griswold as a cautionary measure, and also as an attempt to clarify the pending claims, as defendant Griswold had not yet been served at the time the initial R&R (Doc. 43) and the court's July 20, 2005 Order (Doc. 49) was issued.  However, as the resolution of the issues raised by her Motion (Doc. 73) had either already occurred on behalf of all Defendants (criminal charges issue) and pursuant to the Court's own Order (Docs. 49 & 67), her Motion to Dismiss is therefore moot.